FILED
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS
WICHITA DIVISION '08   NOV 17   P1 :09

CLERK, U.S. DISTRICT COURT
Andrew DEPUTY

DISABLED PATRIOTS OF AMERICA, INC., a : 
Florida Non Profit Corporation, and
GUADALUPE BETANCOURT, Individually,   :

       Plaintiffs,

vs.

DEVELOPERS DIVERSIFIED REALTY
CORPORATION, an Ohio Corporation,

       Defendant.
_____/ :

Case No. 8-CV-1364-EFM-KMH

Magistrate Judge

## COMPLAINT
(Injunctive Relief Demanded)

Plaintiffs, DISABLED PATRIOTS OF AMERICA, INC., a Florida Non Profit Corporation,

and GUADALUPE BETANCOURT, Individually, on their behalf and on behalf of all other

individuals similarly situated, (sometimes referred to as "Plaintiff" or "Plaintiffs"), hereby sue the

Defendant, DEVELOPERS DIVERSIFIED REALTY CORPORATION, an Ohio Corporation,

(sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation

expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

("ADA").

1.      Plaintiff, Guadalupe Betancourt, is an individual residing in Arkansas City, KS, in the

County of Cowley.

2.      Plaintiff, DISABLED PATRIOTS OF AMERICA, INC., is a non profit corporation formed

under the laws of the State of Florida.  DISABLED PATRIOTS OF AMERICA, INC.

maintains its principal office at 702 North E Street, Lake Worth, FL 33460, in the County

of Palm Beach.

3.     Defendant's property, Eastgate Plaza, is located at 8147 E. Kellogg, Wichita, KS 67207, in the County of Sedgwick.

4.     Venue is properly located in the District of Kansas because venue lies in the judicial district of the property situs.  The Defendant's property is located in and does business within this judicial district.

5.     Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

6.     Plaintiff Guadalupe Betancourt is a Kansas resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA.  Guadalupe Betancourt has visited the property which forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property.  The Plaintiff has encountered architectural barriers at the subject property.  The barriers to access at the property have endangered his safety.  The Plaintiff is also a member of the Plaintiff organization, DISABLED PATRIOTS OF AMERICA, INC., discussed below in paragraph 7.

7.     Plaintiff DISABLED PATRIOTS OF AMERICA, INC., is a nonprofit Florida corporation. Members of this organization include individuals with disabilities as defined by the ADA, and are representative of a cross-section of the disabilities to be protected from discrimination by the ADA. The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities.

DISABLED PATRIOTS OF AMERICA, INC. and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA. One or more of its members has suffered an injury that would allow it to bring suit in its own right. DISABLED PATRIOTS OF AMERICA, INC. has also been discriminated against because of its association with its disabled members and their claims.

8.  Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Eastgate Plaza, and is located at 8147 E. Kellogg, Wichita, KS 67207.

9.  DISABLED PATRIOTS OF AMERICA, INC. and Guadalupe Betancourt have a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 11 of this complaint. Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendant. Guadalupe Betancourt desires to visit Eastgate Plaza not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

10. The Defendant has discriminated against the individual Plaintiff and members of the corporate Plaintiff organization by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the

3

buildings, as prohibited by 42 U.S.C. § 12182 et seq.

11.    The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of Eastgate Plaza has shown that violations exist. These violations include, but are not limited to:

**Parking**

A.    Some of the accessible spaces do not provide signs designating the disabled use spaces, in violation of Section 4.6.4 of the ADAAG whose resolution is readily achievable.

B.    Where posted, signage at some of the designated accessible parking spaces are not mounted at sufficient heights in violation of section 4.6.4 of the ADAAG whose resolution is readily achievable.

C.    The disabled use parking spaces and/or unloading areas are located on a slope or cross slope in violation of Section 4.6.3 and 4.6.6 of the ADAAG whose resolution is readily achievable.

D.    Some of the disabled use spaces do not have clear and level access aisles provided, violating Sections 4.1.2, and 4.6.3 of the ADAAG whose resolution is readily achievable.

**Entrance Access and Path of Travel**

E.    There are no accessible routes from the street, sidewalk and parking areas. There are violations of the requirements in Sections 4.3.2, 4.5.2, 4.7.1 and 4.8.2 of the ADAAG whose resolution is readily achievable.

F.    There are changes in levels of greater than ½ inch, violating Section 4.3.8 of the ADAAG whose resolution is readily achievable.

G.    There are curb ramps at the facility that project into vehicular areas and/or contain excessive slopes, side slopes or cross slopes in violation of Sections 4.7.2, 4.7.5, 4.7.6, and 4.7.9 of the ADAAG whose resolution is readily achievable.

H.    There are no proper handrails provided for the ramps to the facility, in violation of Section 4.8.5 of the ADAAG whose resolution is readily achievable.

4

I.      The ramps do not provide edge protection as prescribed in Section 4.8.7 of the
        ADAAG whose resolution is readily achievable.

J.      There are stairs provided at the facility that do not comply with the standards
        prescribed in Section 4.9 of the ADAAG whose resolution is readily achievable.

K.      There is not a continuous path of travel connecting all essential elements of the
        facility, in violation of Sections 4.3.1, 4.3.2 and 4.3.3 of the ADAAG whose
        resolution is readily achievable.

**Access to Goods and Services**

L.      There are counters throughout the facility in excess of 36", in violation of Section
        7.2(1) of the ADAAG whose resolution is readily achievable.

M.      There is fixed or built in seating provided at the facility that does not comply with the
        standards prescribed in Section 4.32 of the ADAAG whose resolution is readily
        achievable.

N.      There are vending machines for public use at the facility without the required
        disabled use elements, in violation of several Sections of the ADAAG whose
        resolution is readily achievable.

**Restrooms**

O.      The restroom door has improper hardware for disabled patrons, in violation of
        Section 4.13.9 of the ADAAG whose resolution is readily achievable.

P.      The clear floor space provided in the restroom violates the provisions of Sections
        4.2.1, 4.18.3 and 4.22 of the ADAAG whose resolution is readily achievable.

Q.      The grab-bars in the toilet room stalls do not comply with the requirements
        prescribed in Sections 4.17.6 and 4.26 of the ADAAG whose resolution is readily
        achievable.

R.      The toilet stalls provided for public use at the facility are in violation of Section 4.17
        of the ADAAG whose resolution is readily achievable.

S.      The water closets that are provided for public use at the facility violate the provisions
        of Section 4.16 of the ADAAG whose resolution is readily achievable.

T.      There are dispensers provided for pubic use in the restroom, with controls outside the
        ranges prescribed in Section 4.27 of the ADAAG whose resolution is readily
        achievable.

U.     There are urinals provided for public use that do not comply with the standards set forth in Section 4.18 of the ADAAG whose resolution is readily achievable.

V.     There are exposed pipes in restrooms at the facility, violating of Section 4.19.4 of the ADAAG whose resolution is readily achievable.

W.     The mirrors provided for public use in the restroom are in violation of the requirements in Section 4.19 of the ADAAG whose resolution is readily achievable.

X.      There is a changing area provided for public use that does not comply with the requirements of the ADAAG whose resolution is readily achievable.

Y.     There restroom does not provide the required amenities for public use violating the provisions of the ADAAG whose resolution is readily achievable.

12.     The discriminatory violations described in paragraph 11 are not an exclusive list of the Defendant's ADA violations. Plaintiffs require the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, the members of the Plaintiff group, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, the members of the Plaintiff group and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

6

13.     Defendant has discriminated against the individual and corporate Plaintiffs by denying them
        access to full and equal enjoyment of the goods, services, facilities, privileges, advantages
        and/or accommodations of its place of public accommodation or commercial facility in
        violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the
        Defendant continues to discriminate against the Plaintiff, and all those similarly situated by
        failing to make reasonable modifications in policies, practices or procedures, when such
        modifications are necessary to afford all offered goods, services, facilities, privileges,
        advantages or accommodations to individuals with disabilities; and by failing to take such
        efforts that may be necessary to ensure that no individual with a disability is excluded, denied
        services, segregated or otherwise treated differently than other individuals because of the
        absence of auxiliary aids and services.

14.     Plaintiffs are without adequate remedy at law and are suffering irreparable harm. Plaintiffs
        have retained the undersigned counsel and are entitled to recover attorney's fees, costs and
        litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

15.     Defendant is required to remove the existing architectural barriers to the physically disabled
        when such removal is readily achievable for its place of public accommodation that have
        existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an
        alteration to Defendant's place of public accommodation since January 26, 1992, then the
        Defendant is required to ensure to the maximum extent feasible, that the altered portions of
        the facility are readily accessible to and useable by individuals with disabilities, including
        individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is
        one which was designed and constructed for first occupancy subsequent to January 26, 1993,
        as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and

7

useable by individuals with disabilities as defined by the ADA.

16.     Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiffs or waived by the Defendant.

17.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs Injunctive Relief, including an order to require the Defendant to alter Eastgate Plaza to make those facilities readily accessible and useable to the Plaintiffs and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiffs respectfully request:

       a.     The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

       b.     Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and

8

services.

c.     An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d.     Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

## DESIGNATION OF PLACE OF TRIAL

**Plaintiffs designate Wichita, Kansas as the location for the trial.**

Respectfully Submitted,

Date: _11/17/08_

Robert J. Vincze (KS# 14101)
LAW OFFICES OF ROBERT J. VINCZE
Co-Counsel for Plaintiffs
P.O. Box 792
Andover, KS 67002
(303) 204-8207
(316) 733-5787 - Facsimile
vinczelaw@att.net


Counsel for Plaintiffs Disabled Patriots of
America, Inc. and Guadalupe Betancourt

9